UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAHFEEZ MOHAMMED-BHOLA,

                                      Petitioner,

v.                                                        Case # 20-CV-6365-FPG

                                                                DECISION AND ORDER

WILLIAM P. BARR, United States Attorney General, et al.,

                                      Respondents.

## INTRODUCTION

*Pro se* Petitioner Shahfeez Mohammed-Bhola, a civil immigration detainee detained at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He claims that his continued detention is unconstitutional. The government opposes the petition. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are drawn from the record. Petitioner is a citizen and native of Trinidad and Tobago. He entered the United States in 1998 and later became a lawful permanent resident. In 2016, Petitioner was convicted of criminal possession of a weapon in the second degree and attempted burglary in the second degree in New York. ECF No. 8 at 2-3. In February 2017, immigration authorities initiated removal proceedings against Petitioner. In June 2018, an immigration judge ordered Petitioner removed. The Board of Immigration Appeals ("BIA") denied Petitioner's appeal, and in December 2018, Petitioner sought review with the Second Circuit.

On August 10, 2020, the parties entered a stipulation withdrawing the appeal and agreeing to a remand to the BIA for further proceedings. The case is now pending before the BIA.

Petitioner has been detained by immigration authorities since May 2, 2019—over fifteen months. During his detention, Petitioner has received two custody reviews—on July 24 and November 12, 2019.

## DISCUSSION

Under several theories, Petitioner argues that his continued detention without a bond hearing is unlawful and unconstitutional. *See* ECF No. 10-13. However, because it is dispositive, the Court need only address Petitioner's procedural due process claim.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). This includes aliens, like Petitioner, whose removal order is under review at the BIA. *See id.* at 54-55. The default rule is that officials may release aliens on bond or conditional parole while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). "Section 1226(c), however, carves out a statutory category of aliens who may not be released," including those who have committed certain serious offenses. *Id.* Respondents argue that Petitioner is held under Section 1226(c), and the Court will assume for purposes of the motion that this is the case. *See* ECF No. 8 at 17.

By its plain terms, Section 1226(c) "mandates detention of any alien falling within its scope" and does not contemplate periodic bond hearings for said aliens. *Jennings*, 138 S. Ct. at

842, 847.  Nevertheless, this Court has held that "mandatory detention under Section 1226(c) may violate an alien's due process rights if the alien is held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6060, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019).  "Once the alien's detention exceeds a reasonable period, the alien may be entitled to relief, including the right to a bond hearing with appropriate procedural safeguards." *Id.*

To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Id.*; *see also Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019).  If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention.  *Hemans*, 2019 WL 955353, at *5.  Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged.  He has been detained for over fifteen months.  This Court has held that a fifteen-month detention is "beyond the point at which courts find detention unreasonably prolonged."  *Dutt v. Nielsen*, No. 19-CV-155, ECF No. 21 at 4 (W.D.N.Y. May 7, 2019) (collecting cases).  Furthermore, this delay appears to be attributable to the normal administrative and appeals process.  Although Petitioner has timely appealed his order of removal—which inevitably extended his detention—Respondents do not suggest that he has abused the processes available to him or otherwise maliciously delayed proceedings.  This is significant, as the Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria*, 891 F.3d at 56 n.6.  In other words, pursuit of relief from removal "does not, in itself, undermine a claim

that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6. Thus, contrary to Respondents' suggestion, Petitioner cannot be faulted merely because he exercised his right to review. *See* ECF No. 8 at 20-21. Accordingly, Petitioner has passed the first step.

Second, the process that Petitioner has been afforded is constitutionally inadequate. Courts in this Circuit have frequently held that due process requires more than what immigration authorities provide. The "consensus view" is that due process requires the government, not the alien, to prove continued detention is justified by clear and convincing evidence. *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018) (collecting cases); *see also Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018). Respondents have provided Petitioner with two "custody reviews," but they do not dispute that such reviews do not employ that high standard. *See* ECF No. 8 at 23-24, 50-51, 53-54. Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards.

However, purely as a procedural matter, the Court agrees with Respondents that the only proper respondent is Jeffrey Searls, the Assistant Field Office Director of the ICE Buffalo Field Office. *See* ECF No. 8 at 10 n.1. As the "person with direct control" over Petitioner's detention, *id.*, he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the reasons discussed above, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By September 15, 2020, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. To conclude that detention is justified, the immigration judge must also find that no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community exists. If a bond hearing is not held by September 15, 2020, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By September 17, 2020, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 1, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court